**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SAFECO INSURANCE CO                    CIVIL ACTION NO. 24-1040
OF AMERICA

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

FRANKLIN SALE, ET AL.                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are four motions. Plaintiff Safeco Insurance Company of America ("Safeco") filed a Motion for Default Judgment against Defendants Franklin Sale ("Mr. Sale") and Shannon Sale ("Mrs. Sale") (collectively, "Defendants"). See Record Document 16. Defendants filed an untimely opposition. See record Document 27. In response to their untimely opposition, Safeco filed a Motion to Strike Defendants' Opposition. See Record Document 29. Defendants opposed. See Record Document 31. Safeco replied. See Record Document 32.

In response to Safeco's Motion for Default Judgment, Defendants filed a Motion to Vacate the Clerk's Entry of Default. See Record Document 20. Safeco opposed. See Record Document 22. Defendants replied. See Record Document 23. Defendants also filed a Motion to Dismiss for Insufficient Service of Process. See Record Document 24. Safeco opposed. See Record Document 26. Defendants replied. See Record Document 28.

For the reasons stated below, Safeco's Motion for Default Judgment (Record Document 16) is **DENIED**. However, if Defendants cause any further unwarranted delay, Safeco may reassert its Motion for Default Judgment. Additionally, to prevent further

delay, the Court **ORDERS** that Defendants file an Answer to the Complaint within 14 days of this Order. Safeco's Motion to Strike Defendants' untimely opposition (Record Document 29) is **GRANTED**. Defendants' Motion to Vacate the Clerk's Entry of Default (Record Document 20) is **GRANTED**. Defendants' Motion to Dismiss for Insufficient Service of Process (Record Document 24) is **DENIED**.

## BACKGROUND

Safeco insured Defendants' home under Policy Number 053267800-01 (the "Policy"). See Record Document 1 at ¶ 3. The Policy provides Defendants with coverage against certain risks relating to their premises designated in Greenwood, Louisiana 71033-2951. See id. at ¶ 8. The Policy provides a Coverage A limit of $900,000 for the dwelling itself, a Coverage B limit of $100,000 for other structures on the property, a Coverage C limit of $500,000 for personal property, a Coverage D limit of $180,000 for additional living expenses, a Coverage E limit of $300,000 for personal liability, and a Coverage F limit of $1,000 for medical payments. See id.

On or about April 23, 2023, a thunderstorm allegedly caused damage to the premises located in Greenwood, Louisiana. See id. at ¶ 9. As a result, Defendants asserted claims and sought payment from Safeco on those claims under the Policy for damages to the dwelling and other structures on the property in the amount of $121,412.53. See id. at ¶ 10. Safeco disputes that the amount Defendants seek is due. See id. at ¶ 11.

2

Unable to agree on the amount of loss covered by the Policy, Safeco claims the appraisal provision of the Policy was invoked. See id. at ¶ 12. The Policy's appraisal provision provides:

> If you and we do not agree on the amount of the loss, including the amount of actual cash value or replacement cost, then, on the written demand od either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire and failing for 15 days to agree upon such umpire, then, on request of you or the company after notice of hearing to the non-requesting party by certified mail, such umpire shall be selected by a judge of a court of record in the county in which the property covered is located. The appraisers shall then appraise the loss, stating separately the actual cash value or replacement cost of each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

See id. at ¶ 13; see also Exhibit A, Policy at Section I, ¶ 7. Pursuant to the Policy's appraisal process, Safeco claims it selected Al Mallet of First General Services of the South Inc. as its appraiser. See Record Document 1 at ¶ 15. Defendants allegedly identified Michael Williams as their appraiser. See id. Despite the efforts of their appraisers, Safeco avers the parties remain unable to agree on the amount of loss on any of the claims. See id. at ¶ 16.

After trying for more than 15 days, Safeco alleges that the parties' appraisers have been unable to agree on the appointment of an umpire. See id. at ¶ 17. Safeco claims that the inability to agree on the umpire triggers the provision permitting "a judge of a court of record in the county in which the property covered in located" to select an umpire. See id. To complete the appraisal process as provided by the Policy, Safeco seeks a declaratory judgment declaring that all parties are required to fully and completely

participate in the appraisal process pursuant to the Policy and that the appraisal process requires a selection of an umpire pursuant to the Policy. See id. at ¶ 18.

As the appraisers appointed by the parties cannot agree on the selection of an umpire, Safeco requests that the Court appoint a competent and disinterested umpire pursuant to the Policy. See id. at ¶ 19. Specifically, Safeco requests the Court appoint as umpire either George Geep Moore of Forensic Constriction Specialist; Paul LeGrange; Samuel D. Amoroso, Ph.D., P.E., S.E.; Kevin Vanderbrook, P.E.; or Russell J. Bellard, P.E. See id. at ¶ 20. Additionally, Safeco requests the Court enter a judgment in its favor declaring and ordering the following: (1) the appraisal provision in the Policy is clear, unambiguous, valid, and enforceable; (2) Defendants are required to fully and completely participate in the appraisal process pursuant to the appraisal provision in the Policy; (3) the appraisal provision requires a selection of an umpire; (4) the Court will select an umpire pursuant to the Policy's appraisal provision; (5) one of Safeco's listed umpires will be appointed; and (6) all other general and equitable relief is reasonable. See id. at ¶ 21.

On September 5, 2024, the summons issued by the Court were returned as executed by Safeco. See Record Document 7. Both Defendants were allegedly served on August 28, 2024, and an answer was due on September 18, 2024. See id. On October 10, 2024, Safeco submitted a Motion for Entry of Default to Daniel J. McCoy, the Clerk of Court for the Western District of Louisiana, pursuant to Federal Rule 55(a) and Local Rule 55. See Record Document 12. In its motion, Safeco asserted that the time within which Defendants were required to serve a responsive pleading or otherwise defend themselves had expired. See id. at 1–2. On October 10, 2024, the Clerk of Court entered a Notice of

Entry of Default against Defendants. <u>See</u> Record Document 13. The instant Motions ensued.

**LAW AND ANALYSIS**

**I. Motion to Dismiss for Insufficient Service of Process (Record Document 24).**

(a) Legal Standard.

Federal Rule 4(e) provides the rules for service of process:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

<u>Lee v. Deutsche Bank Nat'l Trust Co.</u>, No. 18-2887, 2019 WL 1057015, at *2 (E.D. La. Mar. 6, 2019) (quoting FED. R. CIV. P. 4(e)).

In Louisiana, several code articles govern service of process. "Service of citation or other process may be either personal or domiciliary…." LA. CODE CIV. P. art. 1231. "Personal service is made when a proper officer tenders the citation or other process to the person to be served." LA. CODE CIV. P. art. 1232. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place

of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." LA. CODE CIV. P. art. 1234. "Except as otherwise provided by law, service shall be made by the sheriff of the parish where service is to be made or of the parish where the action is pending." LA. CODE CIV. P. art. 1291. Article 1292 discusses the sheriff's return:

> A. The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other date to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

LA. CODE OF CIV. P. art. 1292(A).

"A party may move to dismiss a case for insufficient service of process" under Federal Rule 12(b)(5). River Healthcare, Inc. v. Baylor Miraca Genetics Labs., LLC, No. 22-135, 2023 WL 2542332, at *8 (M.D. La. Mar. 16, 2023). "'The party making service has the burden of demonstrating its validity when an objection to service is made.'" Id. (quoting Holly v. Metro. Transit Auth., 213 Fed. Appx. 343, 344 (5th Cir. 2007) (citing Carimi v. Royal Caribbean Cruise Line, Inc., 959 F. 2d 1344, 1346 (5th Cir. 1992))). "'When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner.'" Id. (quoting Ceasar v. La. Bd. of Ethics, No. 17-562, 2018 WL 2090184, at *4 (M.D. La. May 4, 2018) (citations omitted)). When deciding on a

motion to dismiss for ineffective service of process, a district court has wide discretion. <u>See id.</u>

    <u>(b) Summary of the Arguments.</u>

    Defendants submit that because Safeco failed to carry its burden to show that service of process was perfected, this Court should dismiss its Complaint. <u>See</u> Record Document 24-1 at 4. They contend delivery by process server was ineffective. <u>See id.</u> As to Mr. Sale, Defendants claim the Complaint does not list service instructions or an address for domiciliary service. <u>See id.</u> at 5. Furthermore, Defendants argue the summons issued does not contain an address where Mr. Sale could have been served or any signatures. <u>See id.</u> With respect to Mrs. Sale, Defendants assert there are no signatures provided by the person accepting service, and the documents only admit to serving the summons, not a copy of the Complaint. <u>See id.</u> They submit that without an address for Mrs. Sale listed in the Complaint, service must be rendered defective. <u>See id.</u>

    Additionally, Defendants aver that Safeco's proof of service by commercial courier is insufficient to establish proper service. <u>See id.</u> at 6. Defendants argue Safeco has not indicated that a waiver of service was included in the FedEx delivery. <u>See id.</u> Moreover, they contend Safeco did not request FedEx to obtain a signature upon delivery, nor is there any proof that the envelope was delivered to the Defendants' residence. <u>See id.</u> at 6–7.

    Safeco opposes, asserting that Defendants are barred from filing a Rule 12(b)(5) motion without first setting aside the default. <u>See</u> Record Document 26 at 2. However, Safeco submits that even on the merits, the Motion to Dismiss fails. <u>See id.</u> Safeco avers

that its proof of service complied with Rule 4. See id. at 6. First, it contends that Rule 4 imposes no requirement for the recipient of service to sign the proof of service. See id. at 7. Second, Safeco argues the signed returns clearly confirm that service occurred at Defendants' residence, and this fact is not disputed. See id. at 8. Safeco states that Rule 4 does not mandate that the exact service address appear on the return itself. See id. Third, Safeco asserts that the returns of service filed into the record and the declaration of Corporal Terrel confirmed he served the summons and copies of the Complaint on Defendants. See id.

Additionally, Safeco provides that the FedEx delivery was an additional, not sole, method of service, and there is no requirement to perfect all methods of service. See id. at 9. Safeco claims it mailed the summons, Complaint, and pleadings as a courtesy to Defendants and as a gesture of Safeco's good faith interest in resolving this matter efficiently and expeditiously. See id. at 10. Because Safeco's other methods of service satisfy Rule 4, it submits that the alleged defect in the FedEx delivery is moot. See id.

Defendants respond, arguing that no statute or rule precludes filing a dispositive motion while a case is in default. See Record Document 28 at 1. They reiterate that procedurally proper service of process has not been demonstrated. See id. at 2. Defendants assert that actual notice is not a substitute for procedural process, and service returns do not confirm the location of service. See id. at 3–4. Furthermore, they contend that Safeco admits service by commercial courier was not perfected. See id. at 7. Defendants submit they have been prejudiced by the improper service of process, causing a delay in resolving their claim with Safeco and a delay in receiving the funds necessary to return their residence to its pre-storm condition. See id. at 8.

8

<u>(c) Analysis.</u>

When dealing with the sufficiency of service of process, presumptions exist under both Louisiana and federal law. "In Louisiana, a sheriff's return of a copy of process 'shall be considered prima facie correct.'" <u>McLaurin v. ABC Ins. Co.</u>, No. 24-2302, 2024 WL 4948692, at *4 (E.D. La. Dec. 3, 2024) (quoting LA. CODE CIV. P. art. 1292). To rebut this presumption, Defendants must prove by a preponderance of the evidence that service was not properly made. <u>See id.</u> Under federal law, "[w]hen service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." <u>Green v. City of Monroe</u>, No. 22-00884, 2023 WL 4195049, at *3 (W.D. La. June 9, 2023). "'A signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" <u>Id.</u> (quoting <u>People's United Equip. Fin. Corp. v. Hartmann</u>, 447 Fed. Appx. 522, 524 (5th Cir. 2011) (citations and internal quotation marks omitted)). "'The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions.'" <u>Id.</u> (quoting <u>Kitchen v. Walk-On's Bistreaux & Bar</u>, No. 19-1062, 2020 WL 2404911, at *1 (W.D. La. May 12, 2020)). <u>See Thomas v. New Leaders for New Schs.</u>, 278 F.R.D. 347, 351 (E.D. La. 2011) ("The Court may consider such affidavits when resolving a Rule 12(b)(5) challenge without converting the motion into a motion for summary judgment.").

Under Federal Rule 4(e), Safeco can properly serve Defendants by either adhering to Louisiana or federal law. Corporal Terrel conducted personal service on Mr. Sale and domiciliary service on Mrs. Sale. According to Corporal Terrel's signed return and declaration, he confirms that he personally served the summons and a copy of the Complaint to Mr. Sale at 9194 Main Street, Greenwood, Louisiana, 71033-2951. <u>See</u>

Record Document 26-2 at 1. Additionally, Corporal Terrel stated he left the summons and a copy of the Complaint directed to Mrs. Sale with Mr. Sale at 9194 Main Street, Greenwood, Louisiana, 71033-2951. See id. There is nothing in the record that contradicts the fact that the Greenwood address is the dwelling house or usual place of abode for both Defendants. Additionally, there is nothing to negate the fact that Mr. Sale is of suitable age and discretion and resides in the domiciliary establishment. The return reflects that Corporal Terrel endorsed a copy of the citation with the date, place, and method of service.

Additionally, Safeco clarified that the FedEx delivery was not the sole method of service; rather, it was another way to provide Defendants with notice of service. After reviewing the record, including Corporal Terrel's declaration, the Court finds that Safeco properly served Defendants through personal service on Mr. Sale and domiciliary service on Mrs. Sale. Defendants have not submitted sufficient evidence to successfully rebut the above presumptions. Unlike the defendants in McLaurin, Defendants here do not provide any testimony, affidavits, or other evidence showing service was improper. See id. Instead, Defendants merely argue the FedEx delivery was insufficient, and the executed summons was not notarized and did not contain Defendants' exact address. Defendants misapply both Louisiana and federal law because their analysis focuses on the non-resident statutes. Defendants are Louisiana residents; thus, Louisiana's long-arm statute and its accompanying statutes do not apply here. See Lee, 2019 WL 1057015, at *2. The Court finds that Safeco properly served both Defendants; therefore, Defendants' Motion to Dismiss for Insufficient Service of Process (Record Document 24) is **DENIED**.

**II. Motion to Vacate Clerk's Entry of Default (Record Document 20).**

(a) Legal Standard.

Federal Rule 55(c) provides that "'for good cause shown, the court may set aside an entry of default.'" Am. Safety LLC v. Alger, No. 20-3451, 2021 WL 1753808, at *2 (E.D. La. May 4, 2021). The Fifth Circuit considers three factors "to determine whether good cause is shown: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." Id. "'These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause.'" Id. Courts within the Fifth Circuit agree that "'[d]efaults are not favored and their strict enforcement "has no place in the Federal Rules."'" Id.

(b) Summary of the Arguments.

Defendants argue that the Court should void the entry of default for lack of proper service. See Record Document 20-1 at 6. Defendants contend service is improper because no affidavit of service has been filed to indicate proper service. See id. at 7. Additionally, they assert that Safeco's declaration showing proof of service is insufficient because it is not notarized. See id. at 8. Defendants advance that the documents submitted to establish proper proof of service are wholly insufficient and provide little detail to establish perfected service. See id. at 9. Furthermore, they submit that Safeco's proof of service by commercial courier is insufficient to establish proper service. See id.

Defendants also assert that the entry of default was premature and therefore void under La. R.S. § 13:3205. See id. at 10. Under this statute, Defendants argue that no

default judgment can be rendered against them until 30 days after an affidavit has been filed in the record attesting to proper service. See id. Defendants contend that even if the mailed service was properly perfected, the entry of default was still premature because they are allowed 60 days from when the request was sent to submit the signed waiver with an answer to the Complaint. See id. at 11.

Additionally, Defendants contend that good cause exists to vacate the entry of default. See id. Defendants submit they have exhibited no willfulness in their failure to respond, and Safeco suffers no prejudice in setting aside the default. See id. at 11–13. Moreover, Defendants argue they have meritorious defenses to the Complaint. See id. at 13. Specifically, they advance that the Complaint inappropriately and prematurely seeks a judgment that the appraisal provision is clear, unambiguous, valid, and enforceable when the appraisal process had only just begun. See id. at 14.

Safeco opposes, arguing that Defendants' Motion to Vacate is a transparent dilatory tactic and should be denied. See Record Document 22 at 5. Safeco asserts that Defendants' attempt to challenge service of process based on an incorrect legal standard is meritless, and they cannot establish good cause to vacate the default. See id. Safeco avers that the requirements set forth in Federal Rule 4 should be applied instead of those in La. R.S. § 13:3205 because Defendants are Louisiana residents. See id. at 7. Safeco submits that although the returns were not notarized, 28 U.S.C. § 1746 permits unsworn declarations made under penalty of perjury in lieu of notarization. See id. at 11. Furthermore, while the returns do not specify the exact address, Safeco argues that this omission does not invalidate service, especially since Defendants had actual knowledge of the lawsuit. See id.

Safeco also contends that Defendants fail to establish good cause to vacate the default. See id. at 12. It advances that Defendants have provided no legitimate basis for their assertions. See id. Moreover, Safeco asserts that Defendants' default was willful because they made their initial appearance 70 days after receiving actual notice of the lawsuit and 27 days after the Clerk of Court entered default against them. See id. at 12–13.

Additionally, Safeco submits that setting aside the default would contravene principles of equity and judicial economy and prejudice Safeco. See id. at 13. Safeco contends that it has incurred substantial costs in litigating this matter, and the adversary process has been delayed because of Defendants. See id. at 14. Safeco also argues that Defendants fail to present a meritorious defense because their unsubstantiated assertions do not challenge the merits of the Complaint or Motion for Default Judgment. See id. at 15–16.

Defendants reply, reiterating that Safeco is not entitled to a default judgment. See Record Document 23 at 2. They submit that service issues provide good cause to vacate the entry of default. See id. Additionally, Defendants argue they acted expeditiously to correct the default prior to entry of judgment, as they were able to hire counsel and oppose the entry of default prior to the Court's ruling on the default judgment. See id. at 3–4. Defendants also contend that Safeco's refusal to move forward indicates no prejudice. See id. at 4. Furthermore, they reassert they have presented many meritorious defenses, such as Safeco improperly naming the appraisers in its Complaint. See id. at 5–6.

13

(c) Analysis.

Defendants request that the Court vacate the Clerk's entry of default for lack of proper service. See Record Document 20-1 at 6. As stated previously, Defendants incorrectly apply the Louisiana long-arm statute and its accompanying provisions to the instant case. Thus, the entry of default was not premature because the time periods in La. R.S. § 13:3205 do not apply here. Furthermore, the Court's above analysis confirms that service on both Defendants was proper. The only inquiry the Court will conduct is whether good cause exists to vacate the entry of default.

Sufficient proof has been submitted to the Court to indicate that Defendants received the summons and a copy of the Complaint. Even so, they have not exhibited any willfulness in their failure to file an Answer. Defendants have filed a Motion to Vacate and a Motion to Dismiss and have responded to Safeco's motions. While Safeco may have suffered additional costs as a result of Defendants' delay, this case is less than one year old, and a resolution on the merits rather than by default is favored by Fifth Circuit case law.

Defendants also present two meritorious defenses. First, they dispute that the appraisal provision is clear, unambiguous, valid, and enforceable. See Record Document 20-1 at 13–14. Second, they disagree with the list of appraisers in the Complaint. See id. at 14. Defendants wish to respond as to the truth of the statements on the record. See id. Therefore, Defendants' Motion to Vacate the Clerk's Entry of Default (Record Document 20) is **GRANTED**.

**III. Motion to Strike Untimely Opposition (Record Document 29).**

(a) Legal Standard.

"When an act may or must be done within a specific time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). Rule 6 gives a court wide discretion when deciding whether to decline to consider an untimely filing. See Beauregard Parish Sch. Bd. v. Honeywell Inc., No. 05-1388, 2008 WL 762076, at *1 (W.D. La. Mar. 19, 2008). When determining whether a party's neglect is excusable, "the court should consider all relevant circumstances including the danger of prejudice to the non-movant, the length of delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith." Jackson v. La. Tech Univ., No. 11-0524, 2011 WL 5866010, at *4 (W.D. La. Nov. 22, 2011). "Delay alone, however, does not constitute prejudice…[r]ather, 'plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id.

(b) Summary of Arguments.

Safeco submits that Defendants' untimely opposition to its Motion for Default Judgment should be stricken to ensure compliance with established deadlines and procedural fairness. See Record Document 29-1 at 1. November 7, 2024 was the deadline for opposing Safeco's Motion for Default Judgment. See id. at 4. Safeco argues Defendants provided no notice to Safeco's counsel, and their opposition, which was filed

38 days late, was the first indication of their intent to respond to the Motion for Default Judgment. See id. at 4–5. Should the Court deny this Motion to Strike, Safeco requests leave to file a reply to Defendants' opposition. See id. at 6.

Defendants oppose, arguing Safeco must demonstrate that the allegations in their opposition have no relevance and that Safeco will be prejudiced by the Court's acceptance of the opposition. See Record Document 31 at 3. They submit that the Motion to Strike does not satisfy these requirements. See id. Additionally, Defendants contend their filings in the instant case are procedurally proper. See id. at 5. They also object to Safeco's request for an extension of time to file a reply. See id. at 8.

Safeco replies, arguing that Defendants rely on an incorrect legal standard and offer no valid justification for their blatant disregard of the Court's deadlines. See Record Document 32 at 1. Safeco submits that this misapplication of the law does nothing to relieve Defendants of their burden under Rule 6(b)(1)(B) to demonstrate good cause and excusable neglect and seek leave of Court for their untimely filing. See id. Safeco contends that Defendants shift the burden onto Safeco instead of explaining why their opposition was filed 38 days after the deadline. See id. Safeco advances that Defendants persistent failure to comply with the Local Rules and Federal Rules of Civil Procedure supports striking their opposition to preserve fairness and judicial efficiency. See id.

(c) Analysis.

On October 24, 2024, the Clerk entered a Notice of Motion Setting as to Safeco's Motion for Default Judgment. See Record Document 17. The deadline for Defendants to file an opposition was November 7, 2024. See id. On November 6, 2024, Defendants filed

their Motion to Vacate the Clerk's Entry of Default. <u>See</u> Record Document 20. On December 15, 2024, Defendants filed their opposition to Safeco's Motion for Default Judgment. <u>See</u> Record Document 27.

Counsel for Defendants failed to seek leave to file their untimely opposition to Safeco's Motion for Default Judgment, and their opposition was more than a month late. Defendants did file a Motion to Vacate on November 6, ahead of the November 7 deadline. At first glance, the Court assumed this Motion to Vacate was considered their opposition. Since counsel for Defendants sought no leave of Court and filed something before the November 7 deadline, the Court does not find that Defendants failed to act because of excusable neglect. Therefore, Safeco's Motion to Strike (Record Document 29) is **GRANTED**, and the Court will not consider Defendants' untimely opposition. <u>See</u> FED. R. CIV. P. 6(b)(1)(B); <u>see also</u> <u>Reed v. Gautreaux</u>, No. 19-130, 2019 WL 6219854, at *3 (M.D. La. Nov. 21, 2019). Instead, the Court will consider Defendants' Motion to Vacate as an opposition to Safeco's Motion for Default Judgment.

**IV. Motion to Enter Default Judgment (Record Document 16).**

<u>(a) Legal Standard.</u>

"'When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must entry the party's default.'" <u>Wells v. Gautreaux</u>, No. 23-1558, 2025 WL 850010, at *1 (M.D. La. Mar. 19, 2025) (quoting FED. R. CIV. P. 55(a)). "Once default has been entered, the court may enter a default judgment against the defendant upon motion by the plaintiff." <u>Id.</u> (citing FED. R. CIV. P. 55(b); <u>N.Y. Life Ins. Co. v. Brown</u>, 84 F. 3d 137, 141 (5th Cir.

1996)). When "'considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted.'" Id. (quoting BSG Clearing Sols. N. Am., LLC v. V&T Commc'ns, LLC, No. 17-1093, 2018 WL 4677906, at *2 (W.D. Tex. Aug. 3, 2018)). Therefore, "for a plaintiff to obtain a default judgment, '[t]here must be a sufficient basis in the pleadings for the judgment entered.'" Id. (quoting Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)). A party in default "is deemed to have admitted all well-pleaded allegations of the complaint." Id.

After the clerk has entered default and the plaintiff has sought a default judgment, "a court employs a two-part analysis to determine whether a default judgment should be entered against a defendant." Id. at *2. "'First, the court must consider whether the entry of default judgment is appropriate under the circumstances.'" Id. (quoting J&J Sports Prods., Inc. v. KCK Holdings, LLC, No. 14-269, 2015 WL 4656714, at *3 (M.D. La. Aug. 5, 2015) (citing Lindsey v. Prive Corp., 161 F. 3d 886, 893 (5th Cir. 1998))). Under part one, there are six factors to consider (the "Lindsey factors"):

> "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion."

Id.

Under part two, "'the court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment.'" Id. When making this determination,

"the [c]ourt may consider only well-pleaded facts; conclusions of law are not presumed to be true." Id. "[F]actual allegations need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id.

After establishing "that the procedural requirements for default judgment have been satisfied, the [c]ourt must also evaluate whether declaratory relief is appropriate…." Steadfast Ins. Co. v. Picke Const. Corp., No. 10-3286, 2011 WL 1303144, at *2 (E.D. La. Mar. 30, 2011). A court must conduct a three-step inquiry. See id. "First, the court must determine whether the declaratory action is justiciable." Id. "Second, if the court has jurisdiction, it must determine whether it has the 'authority' to grant declaratory relief." Id. Third, "the court must determine whether the exercise its discretion to decide or dismiss the declaratory action." Id.

(b) Summary of the Arguments.

Safeco avers that a default judgment is appropriate under the circumstances, and the Lindsey factors favor entering a default judgment against Defendants. See Record Document 16-3 at 9–10. Safeco argues that Defendants' failure to file responsive pleadings prejudices Safeco by halting the adversarial process. See id. at 11. Additionally, Safeco contends Defendants have made no attempts to excuse their failure to respond as a good faith mistake or excusable neglect. See id. Safeco submits that the declaratory judgment requested does not prejudice Defendants because it merely advances the appraisal process to which the parties agreed to under the Policy. See id.

Safeco argues it has demonstrated an adequate basis for a declaratory judgment on the merits against Defendants. See id. First, there is an actual controversy between the parties. See id. at 12. Second, the Court has authority to grant the requested declaratory relief. See id. at 14. Third, the Court should exercise its discretion to grant the declaratory judgment requested in the Complaint. See id. at 15. Having satisfied all requirements, Safeco asserts that the Court should find it is entitled to a declaratory judgment against Defendants pursuant to the terms of the Policy. See id. at 16.

Since Defendants' untimely opposition has been struck, the Court will instead consider Defendants' Motion to Vacate as the opposition to Safeco's Motion for Default Judgment. The Motion to Vacate was filed before the opposition deadline and asserts arguments relevant to default judgment. Those arguments are summarized above.

(c) Analysis.

First, the Court will conduct the two-part inquiry to determine whether the procedural requirements of default have been met. Under part one, the Court considers the Lindsey factors to determine whether an entry of default against Defendants is appropriate. See Wells, 2025 WL 850010, at *2. First, Defendants have filed a Motion to Vacate in response to Safeco's Motion for Default Judgment and a Rule 12(b)(5) Motion to Dismiss. In those motions, Defendants argue certain material facts are in dispute, such as whether the Policy's appraisal provision is clear, unambiguous, valid, and enforceable. Second, even though Defendants have not filed an Answer, they have made an appearance in this litigation and have filed responsive pleadings.

20

Third, the grounds for granting default are clearly established, as they are "supported by the procedural history of this case with regard to [Defendants] and the Clerk's entry of default against [them]." Id. The fourth and sixth factors relate to one another and will be analyzed together. Since Defendants have filed responsive pleadings and this case is less than a year old, the Court may have some basis "to find that [Defendants'] failure to respond was the result of a good faith mistake or excusable neglect." Id. At this stage, there is not enough evidence to show Defendants willfully decided not to respond to the Complaint. Fifth, Defendants' appearance and responsive pleadings do not support the harshness that results from a default judgment. The Court finds that most of the Lindsey factors favor not entering a default judgment against Defendants. Since part one of the procedural inquiry has not been met, the Court will not conduct the further inquiries at this time.

"Default judgments are disfavored due to a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." Baton Rouge Sheet Metal Workers' Local Union #21 Pension Fund v. Paul, No. 21-00152, 2022 WL 1658240, at *1 (M.D. La. May 25, 2022). A court should only resort to a default judgment "'in extreme situations.'" Id. at *2. Safeco's Complaint was filed on August 5, 2024, making this case less than a year old. See Record Document 1. Defendants have appeared in some fashion and filed two responsive pleadings. Therefore, a default judgment is not warranted at this time, and Safeco's Motion for Default Judgment (Record Document 16) is **DENIED**. However, if Defendants cause any further unwarranted delay, Safeco may reassert its Motion for Default Judgment. Additionally, to prevent further delay, the Court **ORDERS** that Defendants file an Answer to the Complaint within 14 days of this Order.

21

**CONCLUSION**

For the reasons stated above, Safeco's Motion for Default Judgment (Record Document 16) is **DENIED**. However, if Defendants cause any further unwarranted delay, Safeco may reassert its Motion for Default Judgment. Additionally, to prevent further delay, the Court **ORDERS** that Defendants file an Answer to the Complaint within 14 days of this Order.

**IT IS FURTHER ORDERED** that Safeco's Motion to Strike Defendants' untimely opposition (Record Document 29) is **GRANTED**. Defendants' Motion to Vacate the Clerk's Entry of Default (Record Document 20) is **GRANTED**. Defendants' Motion to Dismiss for Insufficient Service of Process (Record Document 24) is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 9th day of April, 2025.

_____

UNITED STATES DISTRICT COURT JUDGE