# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| SAFECO INSURANCE CO OF AMERICA | CIVIL ACTION NO. 24-1040 |
| VERSUS | S. MAURICE HICKS, JR. |
| FRANKLIN SALE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion for Judgment on the Pleadings to Appoint an Umpire filed by Plaintiff Safeco Insurance Company of American ("Safeco"). See Record Document 49. Defendants Franklin Sale and Shannon Sale ("the Sales") opposed. See Record Document 53. Safeco did not reply. For the reasons stated below, the Motion is **GRANTED**. The Court appoints Richard Myers as the umpire. In the event Mr. Myers cannot serve as umpire, the Court appoints Luke Thaxton.

## BACKGROUND

On or about April 23, 2023, a thunderstorm caused damage to the Sales' premises in Greenwood, Louisiana. See Record Document 1 at ¶ 9. As a result, the Sales asserted claims and sought payment from Safeco on those claims under the Policy for damages to the dwelling and other structures on the property in the amount of $121,412.53. See id. at ¶ 10. Unable to agree on the amount of loss covered by the Policy, the appraisal provision of the Policy was invoked:

> If you and we do not agree on the amount of the loss, including the amount of actual cash value or replacement cost, then, on the written demand od either, each shall select a competent and disinterested appraiser and notify the other of the

> appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire and failing for 15 days to agree upon such umpire, then, on request of you or the company after notice of hearing to the non-requesting party by certified mail, such umpire shall be selected by a judge of a court of record in the county in which the property covered is located. The appraisers shall then appraise the loss, stating separately the actual cash value or replacement cost of each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

See id. at ¶¶ 12, 13. Safeco selected Al Mallet of First General Services of the South Inc. as its appraiser. See id. at ¶ 15. The Sales selected Michael Williams as their appraiser. See id. Despite the efforts of these appraisers, the parties are still unable to agree on the amount of loss on any of the claims. See id. at ¶ 16. Additionally, after trying for more than 15 days, these appraisers also cannot agree on the appointment of an umpire. See id. at ¶ 17. Therefore, pursuant to the Policy, the parties seek the appointment of an umpire by the Court.

In the instant Motion, Safeco seeks the following: a declaratory judgment confirming the enforceability of the appraisal clause; an order compelling the parties to proceed with appraisal; and an order appointing a competent and disinterested umpire from Safeco's list of proposed umpires. See Record Document 49-1 at 1. Safeco recommends one of the following individuals be appointed as the umpire: George Geep Moore, Paul LaGrange, Samual D. Amoroso, Kevin Vanderbrook, or Russell J. Bellard. See Record Document 16-5 at 1.

The Sales oppose, but they do not dispute that the Policy was issued and is valid, nor do they dispute that the appraisal provision was invoked and each party selected an

appraiser. See Record Document 53 at 2. The Sales agree with Safeco that because an umpire remains to be named, it is appropriate, under the terms of the Policy, to ask this Court's assistance in the selection of an umpire. See id. The Sales merely oppose the selection of an umpire from only Safeco's list simply because it was filed first or is more comprehensive. See id. The Sales request that this Court select an umpire from their proposed list or at least consider all submissions equally when selecting an umpire. See id. at 3.

On July 28, 2025, the Court ordered the Sales to supplement their list of proposed umpires with information equivalent to Safeco's proposed list of umpires. See Record Document 54. The Court found the Sales' list, in its original format, did not supply enough information for the Court to equally consider both lists. See id. In response, the Sales filed their supplemental list of proposed umpires on August 4, 2025. See Record Document 56. The Sales recommend one of the following individuals to be selected as the umpire: Luke Thaxton, Richard Myers, Dwayne Hall, or Aaron Wilson. See id.

## LAW AND ANALYSIS

**I. Legal Standards.**

(a) Federal Rule 12(c).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "In evaluating whether a plaintiff's complaint survives a motion for judgment on the pleadings, [the court] is limited to reviewing: '(1) the facts set

3

forth in the complaint, (2) documents attached to the complaint, and (3) matter for which judicial notice may be taken under Federal Rule of Evidence 201.'" Jordan Props., Ltd. v. City of Cleveland, Miss., No. 23-60625, 2024 WL 3771453, at *1 (5th Cir. Aug. 13, 2024) (quoting Walker v. Beaumont Indep. Sch. Dist., 938 F. 3d 724, 735 (5th Cir. 2019)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008); see Jordan Props., 2024 WL 3771453, at *1. Under the Rule 12(b)(6) standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading is deficient. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A court does not evaluate a plaintiff's likelihood for success but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F. 3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standards to survive such a motion. See id. at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

**(b) Umpire Selection.**

Pursuant to La. R.S. § 22:1807.19(A), the Court is permitted to select a qualified umpire if the appraisers are unable to agree on an umpire, and a party requests that the Court select an umpire. LA. REV. STAT. § 22:1807.19(A). La. R.S. § 22:1807.17 provides the qualifications for an umpire:

> A. To qualify as an umpire, a person shall meet all of the following requirements:
>
> (1) Be either of the following:
>
> (a) An appraiser qualified pursuant to R.S. 22:1807.14.
>
> (b) An attorney licensed in this state with experience in first-party property damage litigation.
>
> (2) Have no disqualifying conflicts of interest listed in Subsection B of this Section, unless, after full disclosure, the parties agree in writing to waive an otherwise disqualifying conflict of interest.
>
> B. A disqualifying conflict of interest for an umpire exists if any of the following apply:
>
> (1) The umpire or a member of his immediate family is any of the following:
>
> (a) A party to the claim.
>
> (b) A current employee or contractor of a party.
>
> (c) A current employee of the adjuster or public adjuster, including business entity licensees, who adjusted the loss.
>
> (2) The umpire currently has an open claim or acts as a representative or public adjuster on an open claim with the insurer that is a party to the appraisal.
>
> (3) The umpire is a party or a member or employee of a law firm that represents a party to a current lawsuit with the insurer that is a party to the appraisal.

> (4) The umpire has any other direct or indirect interest, financial or otherwise, of any nature that substantially conflicts with the umpire's duties.

L<small>A</small>. R<small>EV</small>. S<small>TAT</small>. § 22:1807.17.

## II. Analysis.

The parties do not dispute that the appraisal provision within the Policy is enforceable. Additionally, the parties have agreed to the Court's appointment of an umpire in accordance with this provision. Therefore, the Court will appoint an umpire as requested by the parties.

After reviewing all of the materials submitted by Safeco and the Sales, the Court appoints Richard Myers as the umpire in the instant case. If Mr. Myers cannot serve as the umpire, then the Court selects Luke Thaxton as the umpire. Both Mr. Myers and Mr. Thaxton have qualifications and experience that demonstrate they are both "well-qualified for the position and would likewise serves as a neutral umpire." <u>Theodore v. Allied Trust Ins. Co.</u>, No. 22-951, 2023 WL 7367573, at *2 (M.D. La. Oct. 18, 2023). Although both Mr. Myers and Mr. Thaxton "were proposed by [the Sales], the Court has no reason to suggest that both can fulfill this role in a fair, neutral and impartial manner." <u>Id.</u>

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Safeco's Motion (Record Document 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Safeco and the Sales should proceed with the appraisal process. It is undisputed that the appraisal provision within the Policy is

6

enforceable. The Court has appointed Richard Myers as the umpire. If Mr. Myers is not able to serve as the umpire, then the Court selects Luke Thaxton as the umpire.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of August, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE