# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | CIVIL ACTION NO. 24-1040 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FRANKLIN SALE AND SHANNON SALE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendants Franklin Sale's and Shannon Sale's (collectively, "the Sales") Motion to Confirm Appraisal Award (Record Document 65). Plaintiff Safeco Insurance Company of America ("Safeco") filed an opposition (Record Document 69), and the Sales replied (Record Document 70). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL BACKGROUND

This insurance dispute arises from a hail loss occurring on April 5, 2023, at the Sales' residence in Greenwood, Louisiana. See Record Document 65-1 at 3. Safeco insured the property under a homeowner's policy in effect at the time of the loss. See id. Safeco inspected the property on May 3, 2023, and acknowledged hail damage to portions of the roof. See id. Based on its inspection, Safeco issued payments totaling approximately $65,939.66 for roof damage on an actual cash value ("ACV") basis. See Record Document 69 at 6.

The roof replacement work was performed around October 2023, and the Sales paid approximately $33,620.77 for the roof replacement. See Record Document 69 at 6. The work was performed by the Sales' son at Michaels Contracting Solutions. See id. The

$33,620.77 represents the actual costs incurred by the Sales for the roof replacement. See id.

Despite the roof having already been replaced, a dispute later arose regarding the amount of loss under the policy. On March 19, 2024, the Sales invoked the policy's appraisal provision. See id. at 9. The appraisers selected by the parties were unable to agree on an umpire, and Safeco filed this action seeking court involvement to enforce the appraisal process and appoint an umpire. See id. On August 13, 2025, the Court appointed Richard Myers ("Myers") as umpire. See id.

During the appraisal process, the umpire relied in substantial part on a document labeled as an "invoice" from Michaels Contracting Solutions. See id. That document reflected a total of $82,781.03 for roof replacement and included overhead and profit. See id. at 10. Myers then added $17,384.01 as additional overhead and profit to the $82,781.03 invoice to arrive at a total award of $100,319.92 for the roof. See id. The Court notes that the total appraisal award amount was $132,576.22 on an ACV basis, but $100,319.92 was the amount awarded for the roof specifically. The appraisal award for the siding, site cleanup, and fence was $30,361.74. See Record Document 65-4. Following this award, Safeco issued $30,361.74 to the Sales for the non-roof items, bringing the total of proceeds paid to date to $94,164.78. See Record Document 69-3 at 2–3.

The Sales have filed the present Motion to Confirm Appraisal Award (Record Document 65), arguing that Safeco improperly reduced the award and requesting that the Court confirm the entire appraisal award of $132,576.22 ACV. Safeco has taken the position that the policy's Loss Settlement condition limited payment to the amount actually

2

and necessarily incurred, and that the Sales had already been paid more than their actual roof replacement costs. See Record Document 69.

## LAW AND ANALYSIS

### I.     Summary of the Arguments

The Sales argue that the appraisal award is binding and must be enforced in its entirety. They contend that Safeco fully participated in the appraisal process and is now attempting to disregard the resulting award after the fact. See Record Document 65-1 at 5–6. According to the Sales, the appraisal fixed the amount of loss under the policy, and Safeco is not permitted to unilaterally reduce or modify the award by invoking policy provisions after appraisal has concluded. See id. Additionally, the Sales contend that appraisal awards are presumed accurate under Louisiana law, and the party challenging such an award must produce evidence that the appraisers' honesty and integrity was suspect. See id. at 10. The Sales assert that Safeco has made no such showing and therefore request that the Court confirm the appraisal award and order Safeco to pay the full amount awarded. See id. at 12.

Safeco responds that, while the appraisal award is binding as to valuation, it remains subject to the policy's terms and conditions, including the Loss Settlement provision. See Record Document 69 at 7–8. Safeco argues that the appraiser relied on an invoice that did not reflect the amount actually incurred by the Sales to replace the roof, and that the Sales' actual roof replacement costs were substantially less than the amount awarded. See id. at 5–6. Safeco maintains that it has already paid more than the amount "actually and necessarily incurred" to replace the roof under the Loss Settlement

Provision and therefore owes no additional payment for that portion of the claim. See id. at 9–12.

## II. Applicable Standards

Under Louisiana law, appraisal provisions in insurance policies are enforceable and are favored as a mechanism for resolving disputes concerning the amount of loss. See St. Joseph Med. Clinic AMC v. Bankers Ins. Co., 2023 WL 4485084, at *2 (E.D. La. 2023). Appraisal provisions are strictly construed. See St. Joseph Med. Clinic, 2023 WL 4485084, at *2. The party arguing that the appraisal award should not be confirmed has the burden of proof. See St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire and Cas. Co., 681 F. Supp. 2d 748, 754 (E.D. La. 2010). Additionally, "[c]ontractually specified appraisal awards are presumed accurate." St. Joseph, 2023 WL 4485084, at *3. However, courts are not required to confirm appraisal awards that contain clear factual errors, such as mathematical mistakes, accidental duplication, or internal inconsistencies. See id.

Whether an appraisal award is binding and the extent to which it is binding, depends on the language of the policy itself. Where a policy provides that appraisal does not override policy terms or conditions, courts must enforce those provisions as written. See Hornbeak v. FedNat Ins. Co., 404 So. 3d 645 (La. 2025).

Insurance policies are contracts, and their interpretation is governed by the general rules of contract interpretation set forth in the Louisiana Civil Code. The Court's role is to determine the common intent of the parties as reflected by the policy language. See La. Civ. Code art. 2045. Courts may not rewrite clear and explicit policy provisions. See id. art. 2046.

### III.  Analysis

The Sales move to confirm the appraisal award in its entirety, contending that the award conclusively establishes Safeco's payment obligation. See Record Document 65. Safeco does not dispute that the appraisal process was properly invoked or that the appraisal award is binding as to valuation. See Record Document 69. The narrow issue before the Court is whether Safeco is obligated to pay the roof portion of the appraisal award notwithstanding the policy's Loss Settlement condition.

a)  Appraisal Award is Presumed Valid but Remains Subject to the Policy

The Court begins by emphasizing that the appraisal panel acted within its authority in determining the amount of loss, and the Court does not vacate, set aside, or modify the appraisal award. Nor does the Court substitute its own valuation for that of the appraisal panel.

The Court recognizes that appraisal awards are presumed accurate and that Safeco, as the party opposing confirmation, bears the burden of demonstrating why confirmation is improper. See St. Charles, 681 F. Supp. 2d at 754. Safeco has met that burden here—not by challenging the appraisal valuation itself, but by invoking a clear policy limitation on payment.

The appraisal documents expressly state that the panel made "no determination regarding coverage and understands that these decisions remain the sole responsibility of the Carrier and the Court." Record Document 65-3 at 3. The policy provides that all applicable "policy terms, limits, deductibles, and conditions" continue to apply after appraisal. Record Document 69-1 at 51. Accordingly, while the appraisal award fixes the

amount of loss, it does not override or nullify the policy provisions governing Safeco's payment obligations.

b) <u>The Loss Settlement Condition Limits Payment to Amounts Actually Incurred</u>

The policy contains a Loss Settlement provision that states Safeco will pay for the replacement cost of the covered property. <u>See</u> Record Document 69-1 at 35. However, payment is explicitly limited to the smallest of several enumerated amounts, one of which is the amount "actually and necessarily incurred" to repair or replace the damaged property. <u>Id.</u> This provision is clear and unambiguous. Under Louisiana law, the Court must enforce such language as written. <u>See</u> La. Civ. Code art. 2046. The Court may not disregard this limitation simply because an appraisal has occurred.

c) <u>Application</u>

The record establishes that the Sales replaced the roof in or around October 2023 and paid approximately $33,620.77 for the roof replacement. <u>See</u> Record Document 69-7 at 75. Safeco had already paid approximately $65,939.66 toward the roof portion of the claim prior to appraisal. <u>See</u> Record Document 69 at 6. The appraisal panel's roof valuation of $100,319.92 was derived in substantial part from an "invoice," which reflected an estimate prepared by Michaels Contracting Solutions for $82,781.03. <u>See</u> Record Documents 69-5 & 69-4 at 2. The record establishes that the $82,781.03 figure did not reflect the amount actually paid by the Sales for the roof replacement. <u>See</u> Record Document 69 at 6.

Based on these undisputed facts, the Court finds that the Sales have already been paid more than the amount actually and necessarily incurred to replace the roof. Under

the plain terms of the Loss Settlement provision, Safeco has satisfied its payment obligation for the roof portion of the claim.

The Sales argue that permitting Safeco to rely on the Loss Settlement provision after appraisal improperly allows Safeco to pick and choose portions of the appraisal award. The Court disagrees. Enforcing a clear policy limitation on payment does not invalidate the appraisal award or undermine the appraisal process; rather, it gives effect to the contract as written. Therefore, the Motion to Confirm Appraisal Award (Record Document 65) is **DENIED** regarding the roof.

d) <u>The Non-Roof Portions of the Appraisal Award</u>

The record reflects that Safeco issued payment of $30,361.74 for siding, site cleanup, and fence damages following the appraisal. <u>See</u> Record Documents 65-4 & 69-3. The Court finds no basis to disturb or deny confirmation of the appraisal award with respect to those non-roof items. Accordingly, the Motion to Confirm Appraisal Award (Record Document 65) is **GRANTED** as to the non-roof items.

## CONCLUSION

Based on the reasons explained above, the Motion to Confirm Appraisal Award (Record Document 65) is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** regarding the roof. The Motion is **GRANTED** as to the non-roof items.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of January, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT